UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                      PLAINTIFF

v.                                                                            Criminal Action No.: 5:13-CR-45-R

JOSE MANUEL JIMENEZ                                                                         DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant Jose Manuel Jimenez's motion for relief. (Docket #108). The United States has responded. (Docket #110). Jimenez has replied. (Docket #118). For the following reasons, Jimenez's motion for relief (Docket #108) is GRANTED in part and DENIED in part.

Jimenez moves to (I) dismiss the charges against him for violation of the Speedy Trial Act and the Sixth Amendment Right to a Speedy Trial; (II) requests a speedy trial; (III); requests the appointment of an interpreter; (IV) prohibit evidence regarding the death of James Boggess; (V) prohibit evidence regarding pending charges from Texas; (VI) moves for the Government to produce copies of audio recordings; (VII) moves for the Government to produce copies of cell phone recordings; (VIII) moves to produce a videotape of a search of Dodge Durango; and (IX) moves to produce the statement of Angelica Huerta.

### I.   Dismiss for Violation of Speedy Trial Act and Sixth Amendment Right to Speedy Trial.

The right to a speedy trial is guaranteed by the Sixth Amendment. *Barker v. Wingo*, 407 U.S. 514 (1972). The Sixth Amendment does not prescribe a specific time in which the defendant must be brought to trial. *Id*. at 530. Instead, the Supreme Court has identified four factors for courts to consider in whether a defendant has been deprived of his right to a speedy trial. *Id*. Those factors are: "Length of delay, the reason for the delay, the defendant's assertion

of his right, and prejudice to the defendant." *Id.* "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Id.* "A one-year delay between accusation and the beginning of trial is generally considered 'presumptively prejudicial.'" *United States v. Cope*, 312 F.3d 757, 777-78 (6th Cir. 2002).

The Speedy Trial Act was passed with the purpose to "expedite pending criminal proceedings." *United States v. Alfarano*, 706 F.2d 739, 742 (6th Cir. 1983). The Speedy Trial Act requires the trial of a defendant to commence within seventy days of the latter of two events: "when the defendant is indicted, or when the defendant is arraigned." *United States v. Blackmon*, 874 F.2d 378, 381 (6th Cir. 1989). "A defendant is not 'arrested' for purposes of the Speedy Trial Act until formal federal charges are pending." *Id.* "Regardless of the degree of federal involvement in a state investigation and arrest, only a federal arrest initiates the running of the time limitation established by 18 U.S.C. § 3161." *Id.* ("An arrest by state officers, who are accompanied by federal officers, does not constitute an 'arrest' under section 3161") (citation omitted). "All defendants who are joined for trial generally fall within the speedy trial computation of the latest co-defendant." *Id.* at 380.

Jimenez was arrested on May 15, 2013, on state charges. Jimenez was indicted in federal court on September 17, 2013. Jimenez was arraigned on a superseding indictment on October 27, 2014. (Docket #91). Jimenez's co-defendant, Cindy Osuna, was arraigned on a superseding indictment on December 5, 2014. (Docket #105).

The Court has conducted nine conferences in this case in which a pretrial schedule was entered, a change of plea was scheduled, a hearing to exclude evidence was held, or other further proceedings were conducted. (Docket #28, 33, 35, 43, 49, 56, 71, 80, 111). In each case, the

Defendant agreed to exclude that time period for the purposes of the Speedy Trial Act. Jimenez's jury trial was originally scheduled for May 27, 2014. (Docket #49). It was pushed back to October 20, 2014, and Jimenez agreed to exclude this time. (Docket #71). The trial was again pushed back to February 23, 2015, and Jimenez again agreed to exclude the delay. (Docket #104). During this time, Jimenez's original counsel withdrew and the Court appointed new counsel to represent him. (Docket #96). The United States asked for a continuance and the trial has been rescheduled for April 6, 2015. (Docket #127).

While Jimenez has a valid concern that two witnesses have been deported and are not now unavailable, the Court finds the delay in this case is justified. This case involves an alleged conspiracy to distribute methamphetamine carried out by multiple parties. (Docket #1, 81). One defendant has changed his plea and another defendant has been added. (Docket #71, 81). The added defendant was not arraigned until December 5, 2014. Jimenez has had to have new counsel appointed for him. (Docket #96). Jimenez has moved to suppress evidence. (Docket #50). This Court has scheduled a suppression hearing, which Jimenez later moved to continue. (Docket #54). The Court then ultimately held a suppression hearing. (Docket #63). Jimenez also filed two motions to exclude evidence. (Docket #108, 120). The Court has regularly conducted status conferences to aid the progress of this case. Jimenez has regularly agreed to exclude that time for purposes of the Speedy Trial Act. In short, while there has been a significant delay in this case, the delay is justified as multiple proceedings have been conducted, several initiated by Defendant, in furtherance of preparing this case for trial.

## II.     Request for a Speedy Trial.

Jimenez requests a speedy trial. This case is currently set for trial on April 6, 2015. (Docket #127).

### III.   Request for the Appointment of an Interpreter.

Jimenez requests the appointment of an interpreter. The Government has no objection. In a separate order the Court has granted Jimenez's request for an interpreter.

### IV.   Prohibit Evidence Regarding the Death of James Boggess.

James Boggess is allegedly the individual who arranged for the delivery of methamphetamine and discussed this delivery with the police. Jimenez allegedly knew Boggess and confided to his cellmates that he would have Boggess killed for being an informant. (Docket #110). Boggess was killed a few weeks after these conversations.

Jimenez request that Jimenez's alleged threats against Boggess and evidence of Boggess's death should be excluded as it is irrelevant and prejudicial. The Government argues Boggess' death is admissible as evidence of consciousness of guilt.

"[S]poliation evidence, including evidence that defendant attempted to bribe and threatened a witness, is admissible to show consciousness of guilt." *United States v. Mendez-Ortiz*, 810 F.2d 76, 79 (6th Cir. 1986) (collecting cases). However, "spoliation evidence should not be admitted if its probative value 'is substantially outweighed by the danger of unfair prejudice.'" *Id*. (*quoting* Fed. R. Evid. 403). A "district court is permitted to allow evidence of threats to a witness to be admitted even if the district court is not certain that such threats occurred." *United States v. Blackwell*, 459 F.3d 739, 768 (6th Cir. 2006).

In this case, the Court will allow the United States to present evidence that Jimenez made threatening statements as this is admissible to show evidence of guilt. To limit the prejudicial impact of this evidence, the court will require the parties to refer to Boggess as unavailable rather than reference his death.

### V. Prohibit Evidence Regarding Pending Charges from Texas.

The Government intends to introduce evidence that Jimenez has been charged with money laundering in Texas. Specifically, Jimenez allegedly concealed $59,400 in the intake manifold of a motor vehicle approximately ten months before the incidents giving rise to this case. (Docket #79).

Rule 404(b) prohibits the introduction of a "crime, wrong, or other act" to prove a "person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed R. Evid. 404(b). However, evidence of another crime or wrong may be admissible "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identify, absence of mistake, or lack of evidence." Fed R. Evid. 404(b); *United States v. Elkins*, 732 F.2d 1280, 1286 (6th Cir. 1984).

The Sixth Circuit has established a "three-step process for determining the admissibility of other acts evidence under Rule 404(b)." *United States v. Jenkins*, 345 F.3d 928, 937 (6th Cir. 2003). "The first step requires the district court to decide whether there is sufficient evidence that the other act in question actually occurred." *United States v. Haywood*, 280 F.3d 715, 720 (6th Cir. 2002). Second, the court must decide "whether the evidence of the other act is probative of a material issue other than character." *Jenkins*, 345 F.3d at 937. Third, "if the evidence is probative of a material issue other than character, the district court must decide whether the 'probative value of the evidence is substantially outweighed by its potential prejudicial effect.'" *Haywood*, 280 F.3d at 720 (*quoting United States v. Johnson*, 27 F.3d 1186, 1190 (6th Cir. 1994)). This determination is a question of law. *United States v. Clay*, 667 F.3d 689, 694 (6th Cir. 2012).

The Government seeks to introduce Jimenez's pending charges in Texas as proof that he was aware drugs were hidden in the vehicle, that he was adhering to a common scheme or plan, and to otherwise show intent and knowledge. (Docket #110).

"[E]vidence of prior misconduct is admissible to show intent only when intent is in issue." *United States v. Ring*, 513 F.2d 1001, 1007 (6th Cir. 1975); *United States v. Johnson*, 27 F.3d 1186, 1192 (6th Cir. 1994). "[I]ntent is in issue whenever it cannot readily be inferred from proof of the criminal act charged" or when the defendant argues that the act "was done innocently, by mistake or accident." *Ring*, 513 F.2d at 1007-08.

Even if evidence is admissible it may be excluded "if its probative value is substantially outweighed by the danger of undue prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." Fed. R. Evid. 403. "District courts are given broad discretion in making a Rule 403 determination." *United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993).

In this case, the prejudicial impact of allowing the Texas charges to be introduced would outweigh the probative value those incidents may have in showing intent. There are considerable factual differences between the Texas charges, in which Jimenez allegedly laundered money, and this case, in which Jimenez is charged with is charged with drug trafficking. *United States v. Blankenship*, 775 F.2d 735, 739 (6th Cir. 1985) ("[other acts evidence] must deal with conduct substantially similar and reasonably near in time to the offenses for which the defendant is being tried"). Moreover, the introduction of the Texas charges, which have yet to be proven, could strongly and improperly influence the jury. *Clay*, 667 F.3d at 697 ("Evidence of other bad acts undoubtedly has a powerful impact on a juror's

6

mind"). Accordingly, the Court finds that the probative value that the Texas charges may serve are outweighed by the prejudicial impact of admitting that evidence.

### VI.     Produce Audio Recordings.

Jimenez requests the production of "recordings of conversations" referenced in discovery. (Docket #108). The Government has no objection and states it has produced all recordings.

### VII.    Produce Copies of Cell Phone Recordings.

Jimenez requests the production of "cell phone conversations or communication which will be offered at trial in this matter, or which may constitute 'Brady material.'" (Docket #108). The Government has no objection and states it has produced all records in its possession.

### VIII.   Produce Videotape of Search of Dodge Durango.

Jimenez requests the production of a videotaped search of a Dodge Durango, the existence of which was "suggest[ed]" by discovery. (Docket #108). The Government states it is "not aware of the existence of any such video, but will make another inquiry to the investigating officers and provide a copy to the defendant if it exists." (Docket #110).

### IX.     Produce the Statement of Angelica Huerta.

Jimenez states there is reason to believe Angelica Huerta "gave exculpatory evidence" and requests the production of audio or video recording, agent notes, or handwritten statements in regard to her interview. (Docket #108). The Government states it "is not aware of any exculpatory evidence in any statement by Angelica, but will make another inquiry to the investigating officers any such evidence to the defendant if it exists." (Docket #110). To the extent it has not already, the Government shall produce all relevant, non-privileged evidence regarding Angelica Huerta.

## CONCLUSION

For the foregoing reasons, Defendant's motion will be GRANTED in part and DENIED in part. The Court denies Defendant's motion to dismiss. The Court grants Defendant's remaining motions in accordance with the foregoing.