UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                                                         Criminal Action No.: 5:13-CR-45-R

JOSE MANUEL JIMENEZ                                                                         DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant Jose Manuel Jimenez's motion for bond pending appeal. (DN 191). The United States has responded. (DN 192). For the following reasons, Defendant's motion is DENIED.

BACKGROUND

Jose Manuel Jimenez was charged with two counts of aiding and abetting the possession with intent to distribute approximately four pounds of methamphetamine. More information may be found in this Court's memorandum opinion denying Jimenez's motion to suppress evidence on the basis that police lacked probable cause to arrest him. (DN 69). Jimenez entered a plea of not guilty. Following a jury trial, Jimenez was found guilty of both counts. This Court sentenced Jimenez to a term of imprisonment of 262 months. (DN 177).

Jimenez has appealed this Court's order denying his motion to suppress. (DN 179). Jimenez now requests that he be released pending the resolution of that appeal. (DN 191).

DISCUSSION

"The Bail Reform Act, 18 U.S.C. § 3143(b), creates a presumption against release pending appeal." *United States v. Chilingirian*, 280 F.3d 704, 709 (6th Cir. 2002). It also places the "burden upon defendants to justify release on bail following conviction." *United States v. Vance*, 851 F.2d 166, 169 (6th Cir. 1988) (citing *United States v. Pollard,* 778 F.2d 1177 (6th Cir.1985)). "To establish entitlement to release pending appeal, defendant must show 1) by clear

1

and convincing evidence, that he is not likely to flee or pose a danger to the safety of another person or the community, and 2) that the appeal is not for delay and raises a substantial question of law or fact likely to result in reversal, an order for new trial, or a sentence that does not include a term of imprisonment." *Chilingirian*, 280 F.3d at 709.

Taking the second factor first, the Court finds that Jimenez's appeal raises a substantial question of law or fact. "[A]n appeal raises a substantial question when the appeal presents a 'close question or one that could go either way' and that the question 'is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor.'" *United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985) (*quoting United States v. Powell*, 761 F.2d 1227, 1233-34 (8th Cir. 1985)). Jimenez argues this Court's denial of his motion to suppress evidence raises a substantial question because "the facts available to arresting officers at the time of Jimenez's arrest were insufficient to establish the existence of probable cause." (DN 191). This Court previously held that this probable cause determination was "arguably a close-call," though "in view of the totality of circumstances" the police had probable cause to arrest Jimenez. (DN 69). Accordingly, the Court agrees that Jimenez's appeal has raised a substantial question.

Jimenez must, however, also establish by clear and convincing evidence that he is neither a flight risk nor a danger to the community. He has done neither. Jimenez argues he is a United States citizen, raised in California, with substantial family in that state. This bare assertion is insufficient to persuade the Court that Jimenez, with no ties to this community and facing a significant sentence of 262 months, will not flee. Furthermore, Jimenez presents no argument on why he is not a danger to the community. The Court finds that Jimenez is a danger to the community, as he is a convicted drug trafficker who allegedly made threats against both a

confidential informant and Jimmy Boggess, the latter of whom was found dead in Mexico. Accordingly, since the Court finds that Jimenez is both a risk to flee and poses a danger to the community, the Court will deny Jimenez's request.

## CONCLUSION

For the foregoing reasons, Defendant Jose Manuel Jimenez's motion for bond pending appeal (DN 191) is DENIED.


cc: counsel of record
    Jose Manuel Jimenez, *pro se*